ZILLMER, Appellant, vs. DELSMANN, Respondent.

*January 11—February 8, 1927.*

*Automobiles: Law of the road: Driving on left side of road: Evidence: Sufficiency.*

In an action to recover damages for injuries to plaintiff's automobile as the result of a collision at night between plaintiff's and defendant's automobiles, the evidence is *held* sufficient to establish, to the reasonable certainty required to overturn a trial court's finding, that defendant was negligent in being on plaintiff's side of the road, which was a proximate cause of the collision.

APPEAL and motion to review a judgment of the circuit court for Waukesha county: C. M. DAVISON, Circuit Judge. *Reversed on plaintiff's appeal; affirmed on defendant's review.*

At about 9 : 30 p. m. on May 24, 1925, on highway 19, a concrete roadbed of eighteen feet with a black center line, in said county, a collision occurred between plaintiff's Columbia touring car driven easterly by him, and defendant's Auburn car which he was driving westerly. Defendant asserted counterclaims for his damages.

The trial court dismissed as to both, and in deciding the case stated that the witnesses on both sides were evidently striving to tell the truth; that he found it impossible to determine just where and how the collision occurred, and for that reason neither party sufficiently established any actionable negligence of the other. Plaintiff appeals and defendant seeks a review.

For the appellant there were briefs by *Edward Zillmer,* attorney, and *John C. Kleist,* of counsel, both of Milwaukee, and a separate brief by *Lines, Spooner & Quarles* of Milwaukee, attorneys, and oral argument by *Mr. Zillmer.*

For the respondent there was a brief by *P. N. Snodgrass* of Monroe and *Quarles, Spence & Quarles* of Milwaukee, attorneys, and *Kenneth P. Grubb* of Milwaukee, of counsel, and oral argument by *Mr. Grubb.*

ESCHWEILER, J.    In the disposition that we must make of this case we are relieved from the necessity of determining the question so often presented and one so properly to be determined by jury or trial judge rather than by an appellate court; that is, which one or more of several witnesses attempted to give other than his honest recollection as to the occurrence. An examination of the record convinces us also that the trial court was fully justified in viewing the testimony as being without guile. Nevertheless, under all the facts, the collision could not have occurred except that one of the two drivers failed to observe the care and duty that the law imposes upon a traveler on a highway, and compels the conclusion that it was here established, to

the reasonable certainty required to overturn a trial court's finding, that the defendant and not the plaintiff was to blame.

Plaintiff had been trailing for some six miles a Hudson car and at a distance of some seventy-five or one hundred feet. Defendant, coming from the opposite direction, was dazzled by the lights of the Hudson car, observing at the same time at least one of the lights from the plaintiff's car. Just after passing the Hudson car defendant seems to have had an impression that the lights from plaintiff's car were turning towards him and the car coming across the center of the road in an apparent attempt to pass the forward Hudson car, and then defendant, looking to his right to see if he had sufficient room there, was aware of a collision. This he says took place on his side of the road.

Defendant's car stopped on plaintiff's side with its front end up against a concrete culvert several feet beyond that side of the road. Its left front wheel was bent under so that it could not turn; the left front axle bent, the radiator and the left front bumper injured, and most of the damage done, and claimed to be $550, was to the front end. The record does not distinctly disclose whether this bending of the left front axle and wheel and other injuries were caused by the collision with plaintiff's car or by striking the concrete culvert where it came to rest, but we are convinced it was the latter.

The plaintiff's car continued a distance of 150 to 300 feet further on towards the east, still on plaintiff's side of the road and with its right-hand wheels off the concrete. The hubs of the left wheels were struck; the front hub torn off; the left rear fender bent; left rear bumper torn off, and the left rear brake loosened. It could proceed, however, under its own power.

Plaintiff and his witness, who was also on the front seat, each testified that, just after it passed the Hudson car, defendant's car appeared to be then turned so as to cross the

black line and to come over on plaintiff's side of the road; that no attempt was made to overtake and pass the Hudson; that plaintiff tried to turn still further away to his right and off the concrete, each testifying to having felt just before the collision a jar or bump as indicating their running on the gravel shoulder.

Much importance is placed by defendant upon testimony of another witness, coming to the place after the accident, as to his then, and again the next morning, seeing a mark on the concrete, starting on defendant's side of the road and ending at the gravel edge, as indicating the point of collision and the course of defendant's car, and on other testimony as to the gravel shoulder. We cannot, however, see that this helps in the solution of the problem.

In now determining the question as to which of these two failed, under the law of the road, to seasonably give to an oncoming car the latter's recognized and statutory right of way to his side of the road, we feel satisfied from the entire facts shown, the injuries to the respective cars, and the direction taken by each after the collision, that defendant had crossed over the center line of the highway and into plaintiff's zone of the road at the time of the collision, and that such act by defendant was the proximate cause of the collision.

To obviate, if possible, the necessity of another trial, we deem it best to reverse the judgment of the court below and give the plaintiff the option there to take judgment for the unquestioned amount of his repair bill of $261.81 or a new trial. So much of the judgment as dismissed defendant's counterclaims and which he seeks to review here must be affirmed.

*By the Court.*—Judgment reversed on plaintiff's appeal, with his option to take judgment for $261.81 or a new trial; defendant's counterclaims to be dismissed.